# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**June 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: B.B.

No. 16-0143 (Kanawha County 15-JA-229)

## MEMORANDUM DECISION

Petitioner Mother B.S., by counsel Kevin P. Davis, appeals the Circuit Court of Kanawha County's January 12, 2016, order terminating her parental rights to seven-year-old B.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Christopher S. Dodrill, filed its response in support of the circuit court's order. The guardian ad litem, Jennifer R. Victor, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in adjudicating her as an abusive parent.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2015, the DHHR filed an abuse and neglect petition against B.B.'s parents. As to petitioner, the DHHR alleged that she punched B.B.'s father, D.B., in the face. The DHHR also alleged that petitioner hit B.B. in the face and tied her to a door and hit her with a belt. Finally, the DHHR alleged educational neglect in that B.B. missed thirty days of school and that petitioner snorted pills.

The circuit court held a series of adjudicatory hearings on October 2, 2015, and October 5, 2015, during which it heard testimony from multiple witnesses. However, prior to the presentation of evidence on October 5, 2015, petitioner tested positive for amphetamines. Thereafter, DHHR presented the testimony of several individuals that corroborated the conditions of abuse and neglect as alleged in the petition. Two of B.B.'s teachers testified that she missed thirty days of school. The child advocacy center coordinator testified that B.B. disclosed domestic violence wherein petitioner punched D.B. in the face. According to the coordinator, B.B. also disclosed that petitioner whipped her with a belt (which caused bruising)

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.,* 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II,* 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.,* 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

and participated in tying her hands to a door knob while D.B. whipped her with a belt. The coordinator also testified that B.B. disclosed that petitioner smacked her in the face. Finally, according to the coordinator, B.B. observed petitioner use the bottom of a cigarette lighter to crush pills that she snorted up her nose with a straw. Petitioner testified on her behalf and denied all of the allegations of abuse and neglect. By order entered on October 16, 2015, the circuit court found that petitioner was an abusing parent and that the child was abused and neglected.

On November 19, 2015, the circuit court held a dispositional hearing and considered petitioner's motion for a post-adjudicatory improvement period. The circuit court denied this motion upon a finding that petitioner failed to prove that she would substantially comply with the terms and conditions of an improvement period. By order entered January 12, 2016, the circuit court also terminated petitioner's parental rights upon a finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. In support of this finding, the circuit court determined that petitioner failed to maintain contact with the DHHR, failed/refused to participate in services, and continued to use illegal drugs. The circuit court granted petitioner post-termination visitation with B.B. to be determined by her legal guardians and conditioned upon her sobriety. This appeal follows.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in finding that she abused and/or neglected her child. While petitioner argues that the testimony was insufficient to substantiate the allegations against her and that she refuted all of the allegations, she ignores the substantial testimony that vividly describes the abuse and neglect. As noted in our standard of review above, we "must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." *Id*. Further, we have long held that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (*citing* Syl. pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); *see also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that

"[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). In this case, the circuit court heard testimony from two of B.B.'s teachers that testified that B.B. missed thirty days of school. The circuit court also heard testimony from the child advocacy center coordinator that B.B. described the domestic violence in the home wherein petitioner punched D.B. in the face and participated in tying B.B.'s hands to a door knob while D.B. whipped B.B. with a belt. The coordinator also disclosed that petitioner whipped B.B. with a belt, smacked her in the face, and used the bottom of a cigarette lighter to crush up pills before snorting them up her nose with a straw. Finally, petitioner's illegal drug use was corroborated when she tested positive for amphetamines prior to the taking of evidence at the October 5, 2015, adjudicatory hearing. This evidence was clearly sufficient to establish a finding of abuse, and the circuit court was uniquely situated to determine which version of events was credible. Based on the record presented, we find no merit to petitioner's assignment of error.

For the foregoing reasons, the circuit court's January 12, 2016, order terminating petitioner's parental rights to the child is hereby affirmed.

Affirmed.

**ISSUED**: June 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II